UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                      No. 97-4478

MANUEL A. VENTURA,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, District Judge.
(CR-96-204)

Submitted: February 27, 1998

Decided: March 18, 1998

Before HAMILTON and MOTZ, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

David H. Hasty, SMITH, DICKEY, SMITH, HASTY & DEMP-
STER, P.A., Fayetteville, North Carolina, for Appellant. Janice Mc-
Kenzie Cole, United States Attorney, Anne M. Hayes, Assistant
United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

On July 24, 1997, at 3:50 a.m. Manuel A. Ventura was apprehended on the Fort Bragg military installation for suspicion of driving while impaired and for failing to maintain his lane in violation of 18 U.S.C.A. § 13 (West Supp. 1997), assimilating N.C. Gen. Stat. §§ 20-138.1 and 20-146(d)(1) (1997) respectively. After failing several field sobriety tests he was taken to the Provost Marshal's Office where he refused a breathalyzer test at approximately 5:00 a.m. He was then released at 8:30 a.m. A criminal information was filed against Ventura on September 23, 1996, and his initial appearance before a magistrate judge and arraignment was conducted on October 9, 1996.

On the day of trial, December 10, 1996, Ventura filed a motion to dismiss on the grounds that he was not taken before a magistrate judge "without unnecessary delay" as required by Fed. R. Crim. P. 5(a). The magistrate judge orally denied the motion as untimely filed under Local Rule 44.00. Ventura then pled guilty to both charges, reserving the right to appeal from the denial of the motion to dismiss. The district court upheld the magistrate's judge's decision on appeal. For the reasons that follow, we affirm.

Local Rule 44.00, for the Eastern District of North Carolina, provides:

> Time Period For Filing Pre-Trial Motions in Criminal Cases. All pre-trial motions, including but not limited to motions to suppress and motions under Rules 7, 12, 14, 16 and 41, F.R.Crim.P, shall be filed no later than 30 days after indictment or initial appearance, whichever comes later. Responses shall be filed within ten days after the service of such motions. Untimely motions may be summarily disregarded.

2

District courts are authorized to set times for the making of pretrial motions by local rule or otherwise following a defendant's arraignment. See Fed. R. Crim. P. 12(c). Further, failure of a party to timely make a pretrial motion as set under Rule 12(c) shall constitute waiver of an issue, unless the court grants relief for good cause. See Fed. R. Crim. P. 12(f).

On appeal, Ventura urges this court to reverse the district court's order on the grounds that his motion to dismiss is not a "pretrial motion" as envisioned by Fed. R. Crim. P. 12(b). We disagree. First, Rule 12(b) defines a pretrial motion as "[a]ny defense, objection, or request which is capable of determination without the trial of the general issue . . . ." The fact that Ventura did not receive a timely initial appearance before a magistrate judge and any prejudice he may have suffered, were issues unrelated to whether he was guilty of the offenses charged.* Second, as noted by the district court, Ventura gave no reason why his motion to dismiss could not have been filed within the time allotted by the clear language of Local Rule 44.00.

Thus, we affirm the district court's order denying the motion to dismiss as untimely filed. See United States v. Chavez, 902 F.2d 259, 263 (4th Cir. 1990) (listing cases showing that appellate courts rarely grant relief from denials of untimely filed pretrial motions under Fed. R. Crim. P. 12(f)). We dispense with oral argument as the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
_____

*Also, to the extent that Ventura sought the district court to adopt the North Carolina state law rule announced in State v. Hill, 178 S.E.2d 462 (N.C. 1971), this is a legal argument capable of determination without reference to his guilt or innocence of the charges against him. See generally United States v. Canane, 622 F. Supp. 279 (W.D.N.C. 1985) (construing defendant's state claim under State v. Hill in federal court to be an allegation that he was not brought before a magistrate without undue delay), aff'd, 795 F.2d 82 (4th Cir. 1986).

3